In re Practice of Architecture. No. 2

BARCO, Deputy Attorney General, March 5, 1940.—In your memorandum of October 25, 1939, you requested our opinion on a number of questions which have been raised by the State Board of Examiners of Architects in connection with the administration of the Act of June 27, 1939, P. L. 1188. We shall answer your questions as we state them:

### I

May persons who began the practice of architecture in this Commonwealth after July 12, 1919, file an affidavit under section 7(e); or does the amended act contemplate persons only who were engaged in practice between July 12, 1918, and July 12, 1919, and prior thereto?

Your question is based on the provisions of section 7(e) of the Act of July 12, 1919, P. L. 933, 63 PS §21 et seq., as amended by the Act of 1939, supra, which reads as follows:

"The board shall, upon application made at any time prior to January 1, 1942, issue a certificate of qualification and registration to all persons entitled to engage in the practice of architecture *by reason of filing, before January first, one thousand nine hundred and forty, with the board, the affidavit provided for in section six hereof.*" (Italics supplied.)

To answer your question properly, it is necessary to read, in conjunction with section 7(*e*), supra, section 6 of the Act of 1919, as also amended by the Act of 1939, supra, which section reads as follows:

"Any person who shall have been engaged in the practice of architecture under the title of 'architect' prior to the approval of this act may continue so to do without a certificate or registration, provided that an affidavit setting forth these facts be filed with the board of examiners; but such person shall not be styled or known as a registered architect *unless the board shall have issued to him or her a certificate of qualification and registration as herein provided.*" (Italics, which are supplied, represent new matter added by amendatory Act of June 27, 1939, P. L. 1188.)

Under the provisions of section 6 of the original Act of July 12, 1919, P. L. 933, a person engaged in the practice of architecture under the title of "architect", for a period of one year prior to the approval of that act (that is, prior to July 12, 1919), was authorized to continue in the practice of architecture without a certificate or registration, provided an affidavit setting forth these facts was filed with the board of examiners within five years from the date of its approval, or prior to July 12, 1924. Such persons, however, were not to be styled or known as "registered architects".

The provisions of section 6 were amended by the Act of 1939 by the deletion of the words "for a period of one year" and "within five years from the date of approval of this act", unless the board shall have issued to him or her a certificate of qualification and registration as therein provided. In addition, the amendatory Act of 1939, by section 7(*e*), which subsection is entirely new, places what may seem at first blush a mandatory duty upon the board to issue a certificate of qualification and registration to any person entitled to engage in the prac-

tice of architecture, upon filing with the board an affidavit setting forth these facts prior to January 1, 1940.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. V, sec. 73, 46 PS §501 et seq., provides for the construction of amendatory laws, and reads as follows:

"Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective."

It will, therefore, be seen that the apparent mandatory effect of section 7(e) is modified by the provisions of section 6, as amended by the Act of 1939.

We are, therefore, of the opinion that "Any person who shall have been engaged in the practice of architecture under the title of 'architect' prior to the approval" of the Act of 1919, "may continue to do so without a certificate or registration, provided that an affidavit setting forth these facts" was filed with the board of examiners prior to January 1, 1940; "but such person shall not be styled or known as a registered architect *unless the board shall have issued to him or her a certificate of qualification and registration as herein provided*". (Italics, which are supplied, represent new matter inserted in the original act by the amendatory Act of June 27, 1939, P. L. 1188.) It should be kept in mind, however, that (1) the affidavit setting forth the facts must have been filed before January 1, 1940, and application for registration made before January 1, 1942, and (2) that the person filing the affidavit "shall have been engaged in the practice of architecture under the title of 'architect' prior to" July 12, 1919.

## II

Inasmuch as the classification covering draftsmen in the original act referred only to resident architectural draftsmen of this Commonwealth, does paragraph (d) of seection 7 require that persons shall be residents of this Commonwealth with 15 years' continuous employment in the office or offices of qualified architects in this Commonwealth, to qualify for registration under this section?

Paragraph (d) of section 7, which was added to the original Act of 1919 by the amendatory Act of June 27, 1939, P. L. 1188, reads as follows:

"The board may grant a certificate of qualification and registration to any one who has been in the continuous employ of a duly licensed, qualified or registered architect or architects, performing general drafting and architectural service for fifteen years, providing he or she submits evidence of having completed the course in a high school approved by the board of examiners, or its equivalent, and satisfactorily passing an oral examination to be determined by the board."

An examination of section 7 as a whole reveals that various classifications are provided under which a certificate of qualification and registration may be granted by the board. Paragraph (d) of section 7 governs the granting of certificates of qualification to all those who qualify under its provisions.

It is clear that "any one who has been in the continuous employ of a duly licensed, qualified or registered architect or architects, performing general drafting and architectural service for fifteen years," may be granted a certificate of qualification by the board "providing he or she submits evidence of having completed the course in a high school approved by the board of examiners, or its equivalent", and satisfactorily passes an oral examination "to be determined by the board." Your inquiry, however, is directed as to whether those persons who may qualify under section 7 (d) must be residents of this Com-

monwealth with 15 years' continuous employment in the office or offices of qualified architects in this Commonwealth. This section of the act is silent as to where the 15 continuous years' experience must be served. We may argue by analogy that had the legislature intended that this experience be obtained in the office of a duly licensed, qualified, or registered architect or architects in this Commonwealth, it would have undoubtedly so stated. We are of the opinion that the legislature contemplated that the 15 years' service could be rendered either in the office of a duly licensed, qualified, or registered architect or architects located in this Commonwealth, or in some other State or foreign country where the standards governing the practice of architecture are the equivalent of those in this Commonwealth, or acceptable to the board.

This interpretation is strengthened by a study of the provisions of section 7(c) of the act before us for consideration, in that architects who have been lawfully practicing architecture for a period of more than ten years outside the State shall be required to take only "a practical examination, which shall be of the nature to be determined by the board of examiners." This indicates a reciprocity as it were between this Commonwealth and other States and foreign countries.

In passing, we desire to point out that the State Board of Examiners of Architects, in giving the oral examination which must be passed satisfactorily by the applicant, has control of determining whether or not the 15 years' service as a draftsman has been of such a nature, or has been rendered in a State which has standards which are the equivalent of those in existence in this Commonwealth.

Inasmuch as the original act referred to residential architectural draftsmen of this Commonwealth, the elimination of this "residential" requirement by the legislature in the latest amendment of this act further indicates that our interpretation is both logical and proper in this respect.

### III

Shall all plans and specifications be signed by, and stamped with the seal of, a registered architect?

This question is evidently directed at the provisions of the first paragraph of section 15 of the Act of 1939, which provides that:

"All plans and specifications prepared for such structures which by the terms of this act shall be prepared by a registered architect, shall be signed by a duly qualified and registered architect and stamped with his seal."

We desire to call to your attention, in this connection, that section 13 of this act, inter alia, states that:

*"In order to safeguard life, health and property,* no person shall practice architecture in this Commonwealth . . . unless such person shall have secured from the board a certificate of qualification and registration . . . and shall thereafter comply with the provisions of the laws of the Commonwealth of Pennsylvania governing the registration and licensing of architects." (Italics supplied.)

It is obvious that the intention of the legislature was to place a mandatory duty on registered architects to sign and imprint their seals on plans and specifications so that it would be easier to safeguard life, health, and property, by enabling the board or any other proper authority to place the responsibility for any defects on the party really at fault.

### IV

If one member of a firm is a registered architect and the other a registered engineer, is it permissible for the firm to use the title "Architectural Offices"?

You inform us that the term "Architectural Offices" is used on the doors and letterheads of certain offices where one member is a registered architect and the other is a registered engineer, and that on the letterheads, after the name of each individual, there appears the title "architect" or "engineer" according to their respective qualifications. You direct our attention to section 15, which was

added to the original Act of 1919 by the amendatory Act of June 27, 1939, P. L. 1188. The particular part of the section which is applicable to our problem reads as follows:

"All plans and specifications prepared for such structures which by the terms of this act shall be prepared by a registered architect, shall be signed by a duly qualified and registered architect and stamped with his seal.

"No person shall designate or imply that he or she is the author of a set of plans or specifications except if he or she was or is in responsible charge of their preparation, whether made by them personally or under his or her immediate supervision."

A study of this particular section of the act leads us to the conclusion that the title "Architectural Offices", on an office door or letterhead, is permissible as long as an architect is a member of the firm, and such architect is a duly-registered architect in accordance with the provisions of this act.

## V

Is it permissible to use the title "Private Plans"?

The title "Private Plans" is not prohibited by the act if the plans are prepared by a duly qualified and registered architect, signed by him, and impressed with his seal, or if prepared by an individual who is exempted from the provisions of sections 13 to 17 of the Act of 1919, as amended by the Act of 1939.

## VI

Under the provisions of section 13, may contractors, builders, or carpenters prepare plans and specifications for their clients? If so, what title shall appear on the drawings and specifications?

The amendment of section 13 of the Act of July 12, 1919, as amended by the Act of 1939, eliminated those provisions of the law which permitted the designing and supervising of the construction of buildings, provided the drawings were signed by the authors with their true ap-

pellation as engineer, contractor, builder, or carpenter, as the case may be, but without the use in any form of the title "architect". We construe the elimination by the legislature of 1939 of that part of the law which permitted an engineer, contractor, builder, or carpenter to prepare plans for the construction of buildings as long as he signed them with his true appellation to mean, according to the provisions of the Act of July 12, 1919, as amended, that they may no longer prepare such plans either directly or indirectly unless they are qualified and registered architects, or unless they come within the purview of the provisions of this act as provided for in section 13. Reference in this respect should be made to In re Practice Architecture (No. 1), 38 D. & C. 20, wherein we ruled that "any resident of this Commonwealth may prepare a set of plans or specifications for the occasional or incidental erection or construction of any of the four specified types of building or construction as are set forth in section 13 of the Act of 1939, provided that the author of such plans shall not receive any compensation as the author thereof". It follows, therefore, that no occasion arises where contractors, builders, or carpenters would place any title on plans or specifications.

## VII

May the board require all applicants for registration, regardless of classification, to comply with the provisions of the act and the rules of the board so as to fill out a proper form of application, provide a fee of $25 and two photographs?

You also inform us in this respect that the board is particularly interested in knowing if an applicant can be compelled to fill out an application containing questions tending to establish the moral character, educational qualifications, practical experience, and identification of the applicant.

Under section 7(b), as amended by the Act of June 27, 1939, P. L. 1188, it is provided that:

"Every person applying for examination or certificate of qualification and registration under this act shall pay a fee of twenty-five dollars to the Commonwealth."

Sections 2, 6, and 7 of the Act of 1919, as amended, clearly give the board the right to request all applicants to furnish it with two photographs, as well as to permit the board to require the filling out of application blanks containing questions tending to establish the moral character, educational qualifications, practical experience, and identification if the applicant desires to be registered as a qualified architect.

## VIII

In defining class "EA" on the attached copy of "Classifications", is the interpretation of the board correct?

Class "EA" is defined by the State Board of Examiners of Architects under "Classifications", as follows:

"Class 'EA' Registration without full examination shall be granted, based upon the applicant's evidence of proper qualifications and his having been engaged in the practice of architecture in this Commonwealth on or before July 12, 1919, providing an affidavit in accordance with section 6 of the act is filed prior to January 1, 1940, and application for registration is filed with the board prior to January 1, 1942."

For answer to this question, we refer you to our advice on the first question answered in this opinion, which demonstrates that the board is correct in its interpretation.

## IX

You inform us that the board has certain discretionary power in accepting scholastic training, and then ask:

Does the board have the right to accept applicants for written examinations who may not have had the full six years in architects' offices, but have the equivalent along architectural lines?

You further state that since 1929 the depression has made it difficult for young architects to obtain experience with a duly licensed, qualified, or registered architect or architects. Your question evidently is brought about by

the addition to section 7(a) of the Act of 1939, particularly the following paragraph thereof:

"He shall also present evidence that he or she has had at least six years' satisfactory experience in the office or offices of a duly licensed, qualified or registered architect or architects."

It is to be noted that this particular section of the act has no application to any applicant who qualifies under subsections (A) and (B) of section 7.

We are confronted with the question whether or not the new section above cited is a mandatory requirement. We are inclined so to hold. Those who come under this classification do not qualify within the purview of the other classifications, which are made up of those applicants who had a prescribed course of study in an architectural college or school and three years' experience in the office or offices of a duly licensed, qualified, or registered architect or architects; or who qualify for registration and certification by virtue of their coming from another State or country where the qualifications required of an architect are equal to those in this State.

In recent years, there has been a well-defined and decided movement in all professional and semi-professional occupations to raise the standards of preparation and training so that the individual may be better qualified to render the service which the public is entitled to expect. We may properly infer that this was the intention of the legislature when it stated in clear and unmistakable language, in section 13 of the Act of 1919, as amended by the Act of June 27, 1939, P. L. 1188, that:

*"In order to safeguard life, health and property, no person shall practice architecture in this Commonwealth . . . unless such person shall have secured from the board a certificate of qualification and registration. . . ."* (Italics supplied.)

This is another example of what may seem to be a hardship visited upon an individual or a particular group of

individuals, which in reality, however, inures to the benefit and welfare of the public.

While section 56 of the Statutory Construction Act of 1937, supra, provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature", yet we believe any applicant who applies for examination under the provisions of section 7 (*a*) after the effective date of the act, i. e., June 27, 1939, must "present evidence that he or she has had at least six years' satisfactory experience in the office or offices of a duly licensed, qualified, or registered architect or architects."

We are of the opinion, and you are, therefore, advised, that:

1. Any person who shall have been engaged in the practice of architecture under the title of "architect" prior to July 12, 1919, may continue so to act without a certificate or registration, provided an affidavit setting forth these facts was filed with the State Board of Examiners of Architects prior to January 1, 1940; but any such person may not be styled or known as a registered architect unless application for qualification and registration as such be made with the board prior to January 1, 1942.

2. Anyone who has been in the continuous employ of a duly licensed, qualified, or registered architect or architects, performing general drafting and architectural service for 15 years, may qualify under section 7(*d*) of the Act of 1919, which was added thereto by the amendatory Act of June 27, 1939, P. L. 1188, even though all the 15 years' service was not rendered in the employ of a duly licensed, qualified, or registered architect or architects in this Commonwealth.

3. Every registered architect must sign and impress his seal on all plans and specifications prepared by him.

4. Where there is a partnership comprising a registered architect and a registered engineer, it is permissible to use the title "Architectural Offices" on the office door or

letterheads, since the architect is registered and this designation appears after his name.

5. The use of the title "Private Plans" is not prohibited, if the plans are prepared by a duly qualified and registered architect who has signed them and impressed his seal on the plans, or if the plans are prepared by an individual who is exempted by the provisions of sections 13 and 17 of the act.

6. Carpenters, contractors, and builders are no longer permitted to prepare plans or specifications for their clients except in those instances covered by the last paragraph of section 13 of the Act of 1919, as amended by the Act of June 27, 1939, P. L. 1188.

7. The State Board of Examiners of Architects may require all applicants for registration as qualified architects to pay the board a fee of $25, furnish it with two photographs of the applicant, and a properly filled out application containing questions serving to establish the moral character, educational qualifications, practical experience, and identification of the applicant.

8. The board has properly defined class "EA", which provides that:

"Registration without full examination shall be granted, based upon the applicant's evidence of proper qualifications and his having been engaged in the practice of architecture in this Commonwealth on or before July 12, 1919, providing an affidavit in accordance with section 6 of the act is filed prior to January 1, 1940, and application for registration is filed with the board prior to January 1, 1942."

9. The provisions of the law requiring six full years' experience in duly qualified and registered architects' offices is mandatory where an applicant seeks to qualify under section 7(a), which was added to the Act of July 12, 1919, P. L. 933, by the amendatory Act of June 27, 1939, P. L. 1188. This is so in all cases where the applicant seeks to qualify under these particular provisions of the law at any time subsequent to June 27, 1939.